UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFF GORDON KELLEY,

    Plaintiff,

v.                                                                 Case No.: 5:20-cv-475-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff Jeff Gordon Kelley filed a Complaint on September 29, 2020. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. (Doc. 25). For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.   Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on August 8, 2014. (Tr. at 150).[1] Additionally, Plaintiff filed an application for supplemental security income on September 19, 2014. (*Id.*). Both applications alleged a disability onset date of September 10, 2013. (*Id.*). These claims were denied initially on October 16, 2014, and upon reconsideration on January 2, 2015. (*Id.*). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and ALJ Douglas A. Walker held that hearing on June 12, 2017. (*Id.* at 78-100). ALJ Walker issued an unfavorable decision on August 14, 2017. (*Id.* at 147-61). The Appeals Council granted Plaintiff's request for review on August 30, 2018,

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed his claim before March 27, 2017.

2

and remanded the decision to the ALJ to further evaluate Plaintiff's depression, anxiety, and tremors. (*Id*. at 166-70; *id.* at 30).

On remand, ALJ Walker held a second hearing on December 16, 2019. (*Id*. at 53-77). ALJ Walker issued an unfavorable decision on January 15, 2020. (*Id*. at 27-52). On August 7, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-8). Plaintiff then filed his Complaint with this Court on September 29, 2020, (Doc. 1), and the parties consented to proceed before a United States Magistrate Judge for all purposes. (Docs. 18, 20). The matter is, therefore, ripe for the Court's review.

**III.      Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. (Tr. at 32). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2013, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff has the following severe impairments: "essential hypertension; hyperlipidemia; coronary artery disease; degenerative disc disease of the cervical spine; chronic obstructive pulmonary disease; status post cerebrovascular accident; and obesity (20 [C.F.R. §§] 404.1520 (c) and 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.* at 34).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform medium work as defined in 20 [C.F.R. §§] 404.1567(c) and 416.967(c). Specifically, the claimant could perform work, which requires up to 30 days to learn techniques, acquire the information and develop the facility for average performance in a specific job situation. The claimant can sit, stand and walk six hours in an eight-hour workday; and lift/carry 50 pounds occasionally and 25 pounds frequently. The claimant can perform frequent fine manipulation with fingering. The claimant needs to avoid frequent ascending and descending stairs. The claimant should be restricted to stable temperatures and moderate noise. Due to mild to moderate pain and medication side effects, the claimant should avoid hazards in the workplace such as unprotected areas of moving machinery; heights; ramps; ladders; scaffolding; and on the ground, unprotected

> areas of holes and pits. The claimant could perform each of the following postural activities frequently: balancing, stooping, crouching, kneeling, and crawling, but not the climbing of ropes or scaffolds, and of ladders exceeding 6 feet. The claimant has non-exertional limitations which frequently affects his ability to concentrate upon complex or detailed tasks, but he would remain capable of understanding, remembering and carrying out job instructions as defined earlier; making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting.

(*Id*. at 35). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §§] 404.1565 and 416.965)." (*Id.* at 45).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 404.1569, 404.1569(a), 416.969, and 416.969(a))." (*Id.* at 45). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy: floor worker (DOT# 381.687-034); cleaning room attendant (DOT# 311.677-018); and day worker (DOT# 301.687-014). (*Id.* at 46). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, since September 10, 2013, through the date of this decision (20 [C.F.R. §§] 404.1520(g) and 416.920(g))." (*Id.*).

**IV.    Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.     **Analysis**

On appeal, Plaintiff raises one issue. As stated by the parties, the issue is "[w]hether the ALJ erred with respect to his evaluation of the opinion evidence." (Doc. 25 at 18 (emphasis omitted)).

More particularly, Plaintiff argues that the ALJ erred in his assessment of Plaintiff's treating sources', Dr. Reisner and PA Northrup, opinions. (*See id.* at 18-29). In support, Plaintiff begins by summarizing the relevant legal standards for weighing the opinions of a plaintiff's treating source. (*See id.* at 19-20 (citations omitted)).

Turning to the specific opinions, Plaintiff notes that "Dr. Reisner and PA Northrup, both provided statements supportive of [Plaintiff's] claim for disability benefits, identifying specific medical conditions that have rendered him disabled and, in the case of PA Northrup, specific areas of limitation that serve as the basis for the opinion." (*Id.* at 20 (citing Tr. at 570, 625)). Plaintiff highlights that to support the assessment, "the ALJ gave a two-paragraph summary of legal standards for giving controlling weight to treating physician opinions, particularly on issues reserved to the Commissioner," followed by "a highly selective recitation of facts from the record" that does not represent the record as a whole. (*Id.* at 20-21 (citing Tr. at 44)).

In challenging the ALJ's assessment, Plaintiff does not argue that the opinions are entitled to controlling weight but rather that the ALJ did not adequately consider whether the evidence supports the opinions. (*See id.* at 21-22). Additionally, Plaintiff contends that if the ALJ could not determine the basis of the opinions on issues

7

reserved to the Commissioner, the ALJ should have recontacted the sources. (*Id.* (citation omitted)). Plaintiff also maintains that the ALJ did not evaluate the relevant factors when assigning little weight to the opinions. (*See id.* at 22-24).

Plaintiff further contends that although the ALJ cited medical records that are inconsistent with the opinions, other records are consistent with the opinions. (*See id.* at 24-25 (citing Tr. at 498, 517, 522, 526, 538, 586, 611, 619, 676)). Plaintiff, therefore, asserts that the ALJ did not consider the evidence as a whole. (*See id.* at 25-26). Plaintiff argues that this "cursory analysis" of the evidence is "particularly egregious in light of the fact that this claim had already been remanded for failure to properly consider evidence of memory issues, major depressive disorder and anxiety disorder, and tremors, all of which factored into the assessments of Dr. Reisner and PA Northrup." (*Id.* at 26).

Moreover, Plaintiff contends that the ALJ's errors are not harmless. (*See id.* at 27-28). First, Plaintiff argues that had the ALJ properly found Plaintiff unable to stand, walk, lift, carry, or handle, Plaintiff would be disabled under the Medical-Vocational guidelines ("Grids"). (*See id.* (citations omitted)). Second, Plaintiff maintains that the mental limitations opined by PA Northrup are likely work-preclusive. (*See id.* at 28-29). Third, Plaintiff contends that, at minimum, the ALJ's errors resulted in an incomplete RFC, necessitating remand. (*See id.*).

In response, Defendant argues that "the ALJ properly considered the opinions of Dr. Reisner and PA Northrup, together with the other evidence of record, in

8

assessing Plaintiff's RFC." (*Id.* at 30 (citing Tr. at 40, 44, 570, 625)). In support, Defendant highlights that statements on issues reserved to the Commissioner – like those given by Dr. Reisner and PA Northrup – are not entitled to controlling weight. (*Id.* at 31-32 (citations omitted)). Additionally, Defendant maintains that the ALJ properly evaluated the opinions and assigned them little weight, providing record citations to support his decision. (*Id.* at 32-34, 36 (citations omitted)).

Further, Defendant argues that the ALJ was not required to re-contact a medical source and is only permitted to do so "in the limited circumstance where the evidence from that source is insufficient for the ALJ to determine whether a claimant is disabled." (*Id.* at 34 (citations omitted)). Likewise, Defendant contends that the ALJ need not order a consultative examination when the evidence is sufficient to support a decision. (*Id.* at 34-35 (citation omitted)). Defendant argues that the evidence was not insufficient here and, therefore, the ALJ did not err in declining to either re-contact the sources or order a consultative exam. (*See id.*).

Furthermore, Defendant argues that Plaintiff has not established that the Grids apply in his case or, if they apply, that he should be found disabled under the Grids. (*Id.* at 36-37 (citations omitted)).

Defendant also contends that the ALJ did not substitute his opinion for those of Dr. Reisner and PA Northrup. (*Id.* at 37-38 (citations omitted)). Instead, Defendant maintains that the ALJ properly performed his duty to evaluate the evidence and assess Plaintiff's RFC. (*Id.* at 38). Defendant argues that the ALJ properly weighed the medical source opinions, and that substantial evidence supports

9

the decision. (*Id.* at 38-39). Accordingly, Defendant maintains that the ALJ's decision should be affirmed. (*Id.* at 39).

The relevant Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis, and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. §§ 404.1527, 416.927(a)(2). When evaluating a medical opinion, the ALJ considers various factors, including: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ must consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an

10

incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

When a treating source provides an opinion on an issue reserved to the Commissioner, however, the ALJ need not give the opinion any special significance. *See* 20 C.F.R. §§ 404.1527(d) and 416.927(d). Even so, the opinion may not be ignored. *See* SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored."). Instead, the ALJ must "evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." *Id.* In so

11

doing, the ALJ must apply the applicable factors found in 20 C.F.R. §§ 404.1527(d) and 416.927(d). *See* SSR 96-5p, 1996 WL 374183, at *3.

Here, when considering the opinion evidence of record, the ALJ stated:

> A state agency consultant ([Tr. at 636-56]) had the opportunity to review the medical evidence and opined that the claimant could perform medium exertion with environmental restrictions. By contrast, Dr. Reisner ([Tr. at 568-624]) indicated the claimant was a candidate for Social Security. Ms. Northrup ([Tr. at 625-28]) indicated the claimant was incapable of holding down a job. The undersigned accords little weight to these opinions.
>
> The Administrative Law Judge notes a case cannot be decided in reliance on medical opinion without some reasonable support for the opinion. If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the record, it must be given controlling weight and adopted. However, controlling weight may not be given to a treating sources medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is "not inconsistent" with the other substantial evidence in the case record. These judgments require an understanding of whether a treating source's medical opinion is well-grounded in the clinical signs and laboratory findings.
>
> However, statements that a claimant is "disabled," "unable to work," can or cannot perform a past job, meets a Listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved for the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence (20 [C.F.R. §§] 404.1527(d) and 416.927(d)).

12

> The claimant has had no chronic pulmonary exacerbations. It was noted his hypertension, hyperlipidemia, back pain were controlled with medications ([Tr. at 563-67]).[2] It was noted that the claimant's angina was stable ([Tr. at 679]). He was well from a cardiac standpoint and noted to remain active with no difficulties with ADLs ([Tr. at 638]). The claimant reported his pain was relieved with medications ([Tr. at 584, 581]). On examination findings, for the most part, his lungs were clear to auscultation. His musculoskeletal exam was normal. His neurological exam showed normal motor strength and tone. Sensory was intact ([Tr. at 465-72, 473-78, 479-94, 495-62, 563-97, 629-32, 657-62, 683-92]). The claimant's treatment has been conservative and nonaggressive. There are no significant reports of side effects from medications. Accordingly, the undersigned accords great weight to the state agency consultant that the claimant can perform medium exertion with greater nonexertional limitations due to residuals from his prior stroke.

(Tr. at 44-45).

Upon review, the Court finds that the ALJ did not adequately address the opinion of PA Northrup. (*Id.* at 625). While PA Northrup's ultimate conclusion is a statement on an issue of reserved to the Commissioner, the ALJ was nonetheless required to consider the opinion and "evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." *See* SSR 96-5p, 1996 WL 374183, at *3. The ALJ did not adequately do so here. (*See* Tr. at 44-45).

---

[2] The ALJ cited "Exhibit 6F/15" to support his statement. (*See* Tr. at 44). Such an exhibit does not exist. However, Exhibit 6F, (*id.* at 563-67), supports the ALJ's statement. As a result, the Court construes the ALJ's error as a typographical error and instead reads the statement as citing to Exhibit 6F/1-5.

13

More particularly, PA Northrup provided specific reasons to support her opinion that Plaintiff was incapable of holding down a job. (*See id.* at 625). One such reason was that "[Plaintiff] [h]as a history of a stroke, which has left him with long term effects of short-term memory lose. This would impair his ability to follow instructions and learn new roles for a new job." (*Id.*). Yet, the ALJ's broad assessment of the consistency of the three opinions on issues reserved to the Commissioner omits any meaningful discussion of this basis for PA Northrup's opinion. (*See id*. at 44-45). Rather, the assessment focuses primarily on the consistency of the opinions with the objective findings of the *physical* impairments, rather than the mental impairments. (*See id.*). And, the limited discussion of Plaintiff's mental capabilities does not address his alleged short-term memory loss. (*See id.*). As a result, the ALJ facially failed to consider whether this basis of PA Northrup's opinion was consistent with the evidence of record. See SSR 96-5p, 1996 WL 374183, at *3; *see also Fay v. Astrue*, No. 8:11-CV-1220-T-JRK, 2012 WL 4471240, at *6 (M.D. Fla. Sept. 27, 2012) (citing SSR 96-5p and finding reversible error where the ALJ did not state the weight afforded to an opinion on an issue of reserved to the Commissioner). Simply put, while the ALJ assigned little weight to the opinion, he did not adequately provide the reasons therefor. *See Winschel*, 631 F.3d at 1179. The Court is thus left to assume the reasons, an assumption the Court cannot make. *See id.*

Further, the Court cannot find the ALJ's error harmless. Rather, a review medical evidence shows that Plaintiff suffered from memory loss during the relevant

14

time period. (*See, e.g.*, *id*. at 497, 515, 518, 532, 539, 553, 586, 599, 608). Likewise, at the June 12, 2017 hearing, Plaintiff testified that he has "[a] lot of memory problems" as a result of the stroke, (*see id.* at 90), and he again confirmed the issue at the December 16, 2019 hearing, (*id.* at 63-64). Given the similarities between the evidence and the basis for PA Northrup's finding, the possibility remains that had the ALJ properly considered all the evidence of record, he would have afforded PA Northrup's opinion greater weight or otherwise included additional mental limitations in Plaintiff's RFC.

Moreover, to the extent Defendant attempts to argue that because PA Northrup was not an acceptable medical source, the opinion deserved no special significance, (*see* Doc. 25 at 32), the Court finds the argument unpersuasive. First, the Court finds that the ALJ's error was not in that he assigned little weight to the opinion but that he did not adequately provide the reasons therefor. So, Defendant's argument does not affect the Court's findings.[3] Second, the ALJ did not articulate PA Northrup's status as a "non-acceptable medical source" as a basis for giving the opinion little weight. The Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Comm'r of Soc. Sec.*,

---

[3] Pursuant to Social Security Ruling 06-03p, opinions by sources who are not deemed "acceptable medical sources" must still be given consideration and the ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006).

384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted).  Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* (citation omitted).  Thus, the Court declines to accept Defendant's *post hoc* argument.  *See Cryder v. Comm'r of Soc. Sec.*, No. 6:16-cv-00605-41TBS, 2017 WL 3381712, at *1 (M.D. Fla. Aug. 7, 2017) (citing *Baker*, 384 F. App'x at 896 for the proposition that the Court cannot accept the Commissioner's *post hoc* rationalization for the Appeals Council's decision to deny the plaintiff's request for review).

In sum, the Court finds that remand is required for the ALJ to properly consider PA Northrup's opinion and state with particularity the weight given to the opinion and the reasons therefor.  *Winschel*, 631 F.3d at 1179; *see also Fay*, 2012 WL 4471240, at *6.  Because the Court finds that remand is necessary, the Court need not consider Plaintiff's remaining arguments.  Rather, on remand, the Commissioner is directed to re-evaluate all evidence of record.

## VI.     Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ's opinion is not supported by substantial evidence.  Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

16

    (1) Properly consider PA Northrup's opinion and state with particularity the weight given to the opinion and the reasons therefor and (2) re-evaluate all evidence of record.

3. Any application for fees, costs, or expenses must comply with the Court's Standing Order on Management of Social Security Cases, *In re Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 16, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

17