UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEFF GORDON KELLEY,**

    **Plaintiff,**

v.                                                                                          Case No: 5:20-cv-475-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Erik W. Berger, for attorney's fees pursuant to the Social Security Act § 206(b)(1) in the amount of $35,246.98. (Doc. 32). In support of the motion, Attorney Berger has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 32-2). The Commissioner has no objection.

    **I.**    **Background**

On February 16, 2022, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 26). On May 13, 2022, the Court awarded attorney's fees to Attorney Berger under the Equal Access to Justice Act (EAJA) in the sum of $7,942.00, for time spent representing Plaintiff before this Court. (Doc. 30). Subsequently, on remand, Plaintiff was awarded Title II past due benefits in the amount of $140,987.90. Of this amount, $35,246.98, which is twenty-five percent of the past due benefits, has been withheld for payment of an attorney fee award.

## II. Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the … past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel –i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Attorney Berger has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on

appeal. (Doc. 32-2). Moreover, Attorney Berger submitted records showing that he spent at least 38 hours on this case before it was remanded, and it does not include time spent representing Mr. Kelley at the administrative level. (Doc. 32-1). Thus, the effective hourly rate requested in this matter is $927.55, which is within the range of rates awarded in similar cases in this District. *See* e.g., *Couture v. Kijakazi*, Case No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving "de facto" hourly rate of $1,390 and citing "ample authority" in the District approving similar fees rates in Social Security cases); *Amador v. Acting Comm'r of Soc. Sec. Admin.*, Case No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279 and finding it was not a windfall to the attorney). And there is no question that Attorney Berger's diligent efforts resulted in an excellent outcome for his client.

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Attorney Berger's motion for attorney's fees pursuant to the Social Security Act § 206(b)(1) (Doc. 32) is due to be **GRANTED**. Section 406(b) fees are approved for Attorney Berger in the sum of **$35,246.98.**[1]

---

[1] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Attorney Berger represents that, if the motion is granted, he will refund Plaintiff the amount of the EAJA award, *i.e.*, $7,942.00. (Doc. 32, at 2, ¶5).

**DONE** and **ORDERED** in Ocala, Florida on January 25, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties